

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN 11, TEXAS**

WAGGONER CARR
ATTORNEY GENERAL

April 9, 1963

Honorable John Connally
Governor of Texas
Austin, Texas

Dear Governor Connally:

Opinion No. C-54

Re: Whether House Bill 377 of
the 58th Legislature is
in compliance with the pro-
visions of Section 9 of
Article IX of the Consti-
tution of Texas.

Your request for an opinion reads as follows:

"Enclosed is a copy of House Bill 377
which has been passed by the 58th Legislature
under the authority of the recently approved
Article IX, Section 9 of the Constitution of
Texas.

"The first paragraph of that Section pro-
vides that such hospital districts shall not
be created 'unless approved by a majority of
the qualified property taxpaying electors there-
of voting at an election called for the pur-
pose'; whereas the last paragraph states that
'in no event may the Legislature provide for
a district to be created without the affirma-
tive vote of a majority of the taxpaying voters
in the district concerned.'

"Since House Bill 377 provides for cre-
ation of the Jasper Hospital District upon a
vote of 'a majority of the resident qualified
property taxpaying voters voting at said elec-
tion,' will you please advise me if this Bill
meets all of the requirements of Article IX,
Section 9 of the Constitution?"

Section 9 of Article IX of the Constitution of Texas
provides:

"The Legislature may by law provide for
the creation, establishment, maintenance and
operation of hospital districts composed of
one or more counties or all or any part of

-267-

one or more counties with power to issue bonds for the purchase, construction, acquisition, repair or renovation of buildings and improvements and equipping same, for hospital purposes; providing for the transfer to the hospital district of the title to any land, buildings, improvements and equipment located wholly within the district which may be jointly or separately owned by any city, town or county, providing that any district so created shall assume full responsibility for providing medical and hospital care for its needy inhabitants and assume the outstanding indebtedness incurred by cities, towns and counties for hospital purposes prior to the creation of the district, if same are located wholly within its boundaries, and a pro rata portion of such indebtedness based upon the then last approved tax assessment rolls of the included cities, towns and counties if less than all the territory thereof is included within the district boundaries; providing that after its creation no other municipality or political subdivision shall have the power to levy taxes or issue bonds or other obligations for hospital purposes or for providing medical care within the boundaries of the district; providing for the levy of annual taxes at a rate not to exceed seventy-five cents (75¢) on the one hundred dollar valuation of all taxable property within such district for the purpose of meeting the requirements of the district's bonds, the indebtedness assumed by it and its maintenance and operating expenses, providing that such district shall not be created or such tax authorized unless approved by a majority of the qualified property taxpaying electors thereof voting at an election called for the purpose; and providing further that the support and maintenance of the district's hospital system shall never become a charge against or obligation of the State of Texas nor shall any direct appropriation be made by the Legislature for the construction, maintenance or improvement of any of the facilities of such district.

"Provided, however, that no district shall be created except by act of the Legislature and

> then only after thirty (30) days' public
> notice to the district affected, and in no
> event may the Legislature provide for a
> district to be created without the affirma-
> tive vote of a majority of the taxpaying
> voters in the district concerned." (Emphasis
> added).

It will be noted by the underlined portions of the above quoted constitutional provisions that the first paragraph of Section 9 requires approval "by a majority of the qualified property taxpaying electors thereof voting at an election called for that purpose," while the last paragraph of the Section requires an affirmative vote of "a majority of the taxpaying voters in the district concerned."

In construing the above quoted provisions, it is our opinion that the rule of construction governing the proper interpretation to be given Section 9 of Article IX of the Constitution of Texas is stated in 39 Tex.Jur. 162 et seq., Statutes, Sec. 91, as follows:

> "An important rule to be observed in statutory interpretation is that an act should be given a fair, rational, reasonable and sensible construction, considering its language and subject-matter, and with a view to accomplishing the legislative intent and purpose. In other words, construction should comport with common sense and justice, and irrational conclusions or deductions should be avoided. Contrariwise, according to the terms used in the decisions, a statute should not be given a 'forced,' 'fancy,' 'strained,' 'subtle' or 'technical' construction, nor one that is nonsensical or unreasonable, in the absence of compelling language found in the enactment."

The above rule was cited with approval by the Supreme Court of Texas in Wood v. State, 133 Tex.110, 126 S.W.2d 4 (1939). Applying the foregoing principles to Section 9 of Article IX of the Constitution of Texas, it appears that a study of these two paragraphs reveals that whereas the first paragraph provides that such district shall be created only by a majority of the property taxpaying voters voting at an election, the second paragraph provides that the Legislature may not provide for a district to be created without an affirmative vote of the majority of the taxpaying voters in the district. A literal application of this latter provision would

render irrational this Section of the Constitution. It is felt that this Section of the Constitution is susceptible of but one reasonable construction; that being, that the creation of the district is authorized only upon the vote of a majority of the qualified property taxpaying electors voting at an election. House Bill 377 contains such a provision and is expressly enacted pursuant to the provisions of Section 9 of Article IX of the Constitution of Texas. You are therefore advised that House Bill 377 meets all the requirements of Section 9 of Article IX of the Constitution of Texas.

## SUMMARY

House Bill 377 of the 58th Legislature provides for the creation of the Jasper Hospital District, upon the vote of a majority of the resident qualified property taxpaying voters, voting at said election, and is therefore in compliance with Section 9 of Article IX of the Constitution of Texas.

Yours very truly,

WAGGONER CARR
Attorney General

By John Reeves
Assistant

JR:ms

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Albert Jones
Jerry Brock
M. K. Wall
J. Arthur Sandlin

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone